### ANONYMOUS.

ON certiorari to a Justice's Court. Upon an affidavit that the defendant in error resided out of the state, a rule was made, on an application *ex parte*, that the assignment of errors, and notice of the rule to join in error, might be served, by affixing the same in some conspicuous place in the clerk's office.

ANONYMOUS.

On certiorari to a justice's court, the defendant in error residing without this state, the plaintiff in error was allowed to serve the

assignment of errors, and notice of the rule to join in error, by affixing the same in the clerk's office. The motion for this was *ex parte*.

---

### ANONYMOUS.

A motion to set aside proceedings having been taken by default, the first day of this term, it was moved at a subsequent day to open it; and the counsel who took the default being in Court, this was allowed of course, and the motion was heard without any excuse for not opposing.

NOTE. I remember the same practice in this Court in a number of cases, within a few years past. What drew my attention particularly to it was this: in 1818 or 1819, I had, on the first day of term, taken a rule by default for judgment as in case of non-suit; and at a subsequent day, *Talcott* moved to open the matter, and that he have leave to stipulate. This I opposed, because he had shewn no excuse for not appearing when the motion was made. But the Court said, that all this being at the same term, and the counsel who first moved being present, it was of course to open the matter; and *Talcott* had leave to stipulate, accordingly.